IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEINER MARIN GARCIA,<br>*Petitioner*,<br>v.<br>LEONARD ODDO, *et al*,<br>*Respondents*. | Civil Action No. 3:26-cv-1726<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus ("Petition") brought under 28 U.S.C. § 2241. (ECF No. 1). Petitioner, a native of Venezuela, is a detainee currently in the custody of the United States Department of Homeland Security Immigration and Customs Enforcement held at the Federal Correctional Institution ("FCI") in Lewisburg, Pennsylvania.[1] Petitioner and his family entered the United States by crossing the United States-Mexico border at or near Texas on March 5, 2023. (ECF No. 1, p. 6). He was stopped by border patrol and was later released into the United States on his own recognizance. (*Id*.). There is no indication Petitioner has any criminal convictions. Petitioner has resided in the United States from the time of his entry in 2023. (*Id*.). Since November 5, 2025, Petitioner has been in immigration custody. (ECF No. 1, p. 1).

This is Petitioner's second habeas petition before the Court. Petitioner challenges his prolonged immigration detention argues that it is in violation of substantive and procedural due process. (ECF No. 1, p. 2). He requests that the Court order his immediate release from custody,

[1] At the time of the filing of the Petition in the instant case, Petitioner was held at Moshannon Valley Processing Center located in Phillipsburg, Pennsylvania. (ECF No. 1, pp. 1, 3).

or, in the alternative, order an individualized bond hearing at which "Respondents bear the burden of proving by clear and convincing evidence that Petitioners' continued detention is justified because they pose a danger of a flight risk that cannot be remedied by other conditions of release." (ECF No. 1, p. 2).

Respondents argue that the Petition should be denied. (ECF No. 10, p. 1–2). They contend that Petitioner already had a constitutionally adequate bond hearing and he cannot show any due process violations. (ECF No. 10, p. 1–2). Petitioner filed a reply, in which he points out that that the parties are in agreement that the statutory basis for his detention is U.S.C. § 1226(a) in light of the Third Circuit's decision in *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (3d Cir. 2026), and the only thing left for the Court to decide is whether detention has become prolonged and, if so, what relief is owed to Petitioner. (ECF No. 12-1, p. 1). Petitioner states that while he was given a bond hearing some months ago—one in which he bore the burden—his detention has now lasted over a year, and "due process requires a renewed hearing at which the Government, not the detainee, bears the burden of justifying continued detention by clear and convincing evidence." (ECF No. 12-1, p. 3). The Court agrees.[2]

In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *German Santos v. Warden Pike Cnty. Corr.*

[2] The Court agrees with Petitioner on the merits, but disagrees with his principal form of requested relief. Petitioner may only be afforded a constitutionally adequate bond hearing before an immigration judge, rather than being granted immediate release. *See, e.g.*, *Davis v. Warden Pike County Correctional Facility*, No. 4:22-cv-20, 2022 WL 4391686, at * 4 (M.D. Pa. Aug. 18, 2022) ("The only remedy for an alien challenging [his] mandatory detention is a bond hearing."); *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 214 (3d Cir. 2020) ("[W]hen detention becomes unreasonable, the Due Process Clause demands a bond hearing.").

*Facility*, 965 F.3d 203. 211 (3d Cir. 2020). After weighing these factors, the Court concludes that Petitioner's detention has become unreasonable.

Petitioner's almost 13-month detention has dragged on long enough for this factor to cut toward unreasonableness. Additionally, Petitioner's case is on appeal before the Board of Immigration Appeals ("BIA") and there is no indication that the appeal is likely to be decided soon. Petitioner points out that his detention "will continue through a pending [BIA] appeal and any subsequent petition for review, with no foreseeable end." (ECF No. 12-1, p. 2). Given the possibility of a subsequent appeal to the United States Court of Appeals for the Third Circuit, Petitioner's removal proceedings are likely to last much longer, no matter which way the BIA decides his appeal. Thus, this factor also weighs in favor of unreasonableness. The Court finds that the third is neutral. There is no reason on the record before the Court to hold the delay against any of the parties. The fourth factor weighs in favor of Petitioner. Since the filing of the Petition, Petitioner is being held at FCI Lewisburg, a federal criminal prison. (ECF No. 12-1, p. 7). While Petitioner does not allege *specific* conditions of confinement at the FCI Lewisburg, he is housed with those serving criminal sentences, making his civil confinement "look penal." *German Santos*, 965 F.3d at 211 (citation modified).

In sum, the Court holds that the factors indicate that Petitioner's detention has become unreasonable, and thus violates due process under the Fifth Amendment to the United States Constitution. Petitioner is now entitled to an individualized determination of whether continued detention is necessary to mitigate flight risk or danger to the community.

AND NOW, this 20th day of November 2026, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART AND DENIED. It is GRANTED in that within thirty (30) days of this Order, Petitioner must receive an

individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. At that hearing, the government must bear the burden of proving by clear and convincing evidence that continued detention is necessary. Furthermore, the immigration judge must consider whether a danger of a flight risk cannot be remedied by other conditions of release. This bond hearing shall occur within the Third Circuit, before an immigration judge within the jurisdiction of the Third Circuit, applying Third Circuit law and precedent.

IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief. The Court will not award attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). It finds that Respondents' position was substantially justified in this case, so no fees shall be awarded.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE
DISTRICT JUDGE